[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 16, 2008
THOMAS K. KAHN
CLERK

No. 07-16002
Non-Argument Calendar

_____

D. C. Docket No. 07-00060-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH MICHAEL MOONEY,
a.k.a. bjmjbm,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 16, 2008)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Michael Mooney appeals his convictions and sentence of 360 months

of imprisonment for interstate enticement of a minor to engage in sexual activity

and aggravated sexual abuse with a minor. 18 U.S.C. §§ 2422(b), 2241(c). Mooney challenges the sufficiency of the evidence, the jury charge, evidentiary rulings, and the constitutionality of his sentence. We affirm.

## I. BACKGROUND

In December 2005, Mooney initiated an online conversation with Joanne Southerland, an agent of the Federal Bureau of Investigation, in an internet chat room that was previously titled "Incest." Southerland portrayed herself as a 41-year-old mother of a ten-year-old daughter, Sydney. Mooney asked Southerland if she allowed her daughter to be sexually active, and Southerland said no. Later in the conversation, Mooney asked Southerland if she wanted to introduce her daughter to intercourse. Mooney stated that he allowed his twelve-year-old son to be sexually active and asked about Sydney's sexual development and whether Southerland would allow a man to "play with her." Southerland replied that she had considered the possibility, but she thought that Sydney was too young. Mooney asked if Sydney would pose for him.

Mooney and Southerland continued to communicate online and also exchanged sporadic telephone calls for over a year. Mooney would often initiate their conversations and, on occasion, Southerland would ignore Mooney's messages or end their conversation abruptly to determine if Mooney was genuinely

2

interested in Sydney. In their chat sessions, Mooney described graphically the acts he wanted to perform on Sydney and sent explicit pictures to Southerland, including pictures of his erect penis. Mooney also asked numerous, explicit questions about Sydney's sexual development; stated that he wanted to meet Sydney before she got "a lot older" and began menstruating; and asked Southerland to groom Sydney for sexual activity by allowing Sydney to see her masturbate, encouraging Sydney to do the same, and talking to Sydney about intercourse.

Mooney expressed concern in several chat sessions that both he and Southerland could "get . . . in trouble," but made preparations to meet Southerland and Sydney in May 2006. Southerland asked if Mooney had any sexual experience with young girls and Mooney explained that he had engaged in sexual activity with girls as young as six years old. When Mooney had to postpone his trip, he expressed concern that Southerland would allow another man to deflower Sydney. In January 2007, Southerland told Mooney that a man in Ohio had expressed an interest in "an ongoing" thing with Sydney. Mooney replied that he wanted "to be the one to make a woman out of Sydney," and he made final plans to meet Southerland.

Agent Herb Stapleton observed Mooney leave his home in Missouri and head to Atlanta, Georgia. When Mooney climbed out of his car to meet Southerland, federal agents placed Mooney under arrest. Mooney volunteered to agents Cameron Roe and Jeff Wright that he planned to engage in sexual activities with Southerland's daughter. The agents found a condom in Mooney's pocket.

Mooney was charged in a two-count indictment for interstate enticement of a minor to engage in sexual activity and aggravated sexual abuse with a minor. 18 U.S.C. §§ 2422(b), 2241(c). Mooney pleaded not guilty and mentioned that he planned to argue entrapment. The government notified Mooney of its plan to introduce evidence seized from his computer, including "multiple" photographs of adult men and young girls having intercourse and "hundreds" of internet chat sessions involving sex with children.

Mooney filed a motion in limine to limit the amount of government exhibits. Mooney argued that the pictures and chat sessions were cumulative and more prejudicial than probative. The government responded that Mooney's chat sessions and collection of child pornography were relevant to establish his intent to have sex with a young girl. The district court denied Mooney's motion.

At trial, the government submitted evidence relevant to Mooney's intent to commit the sex crimes, including the chat sessions between Mooney and

4

Southerland, "samplings" taken from over 1600 other chat sessions involving sex with children, and photographs of minors and adults performing sexual acts. After a government agent described the contents of the photographs, the district court instructed the jury that it could consider the evidence of Mooney's other acts only to determine if he intended to commit the criminal acts charged in the indictment. The district court admitted over Mooney's objection pictures of Mooney and male genitalia found on Mooney's computer.

After the government rested, Mooney moved for a judgment of acquittal. Mooney argued that there was no evidence to prove that he "induced or enticed an actual child" or he intended to use force to accomplish the sex crimes. The district court denied the motion.

Mooney testified that after he had learned that his daughters were molested as children, he had conducted online research and visited chat rooms to understand his daughters' trauma and to protect his grandchildren. Mooney stated that Southerland "pressured" him to visit Georgia; he "played a role" to engage Southerland in further discussions; became "concerned" that Southerland would allow another man to abuse Sydney; and had a "personal crusade" to protect Sydney. Mooney testified that he believed Southerland's story was a "farce," but he drove to meet her in case Southerland might abuse Sydney. If he met

5

Southerland, Mooney allegedly intended to report Southerland to the authorities and to use evidence on his computer to incriminate Southerland.

The district court held a charge conference. After the government objected to the jury instructions about interstate enticement proposed by the court, Mooney asked the district court to "give the pattern instruction." Mooney also asked the court to add to its charge two instructions about the appropriate use of bad act evidence and character evidence.

After the government rested, the district court gave counsel a copy of the final jury charge. Mooney made one objection to the charge and, when asked if he had any further objections, Mooney replied, "No, Your Honor." Mooney did not object after the district court instructed the jury. The jury found Mooney guilty of both crimes.

At the sentencing hearing, Mooney asked for a sentence below the guideline range. Mooney argued that the "requirement of a sentence imposed by the guidelines as applied as mandated by the statutory minimum . . . borders on unconscionable . . . ." The district court denied the motion. The district court sentenced Mooney to concurrent terms of 120 months of imprisonment for interstate enticement and 360 months of imprisonment for aggravated sexual assault with a minor and to supervised release for life.

## II. STANDARDS OF REVIEW

We review <u>de novo</u> challenges to the sufficiency of the evidence and view the evidence in the light most favorable to the government. <u>United States v. Futrell</u>, 209 F.3d 1286, 1288 (11th Cir. 2000). We review evidentiary rulings for an abuse of discretion. <u>United States v. Lamons</u>, 532 F.3d 1251, 1265 n.26 (11th Cir. 2008). "When a defendant fails to object to an error before the district court, we review the argument for plain error." <u>United States v. Raad</u>, 406 F.3d 1322, 1323 (11th Cir. 2005) (per curiam).

## III. DISCUSSION

Mooney presents arguments about four matters. First, Mooney argues that two jury instructions were erroneous. Second, Mooney challenges the sufficiency of the evidence supporting his conviction. Third, Mooney argues that the district court abused its discretion in admitting evidence of prior bad acts. Fourth, Mooney challenges his sentence. We address each issue in turn.

*A. Mooney Invited the Alleged Error in the Jury Instruction About Interstate Enticement, and the District Court Did Not Plainly Err in the Instruction About Aggravated Sexual Assault.*

Mooney argues for the first time on appeal that the jury instructions were incomplete. As to count one, Mooney complains that the district court should have defined what conduct constituted a "substantial step" to accomplish interstate

7

enticement because the jury could have convicted him based on evidence of mere preparation. As to count two, Mooney argues that the district court should have instructed the jury that to find Mooney guilty of aggravated sexual abuse, the government had to prove that Mooney attempted to engage in a sexual act with a minor. These arguments fail for different reasons.

Mooney waived his right to challenge the instruction about interstate enticement. The district court gave the pattern jury instruction at Mooney's request. Mooney invited any error in the charge. See United States v. Silvestri, 409 F.3d 1311, 1337 (11th Cir. 2005).

The district court did not plainly err in its instruction about aggravated sexual abuse. In the absence of a request for specific instructions or an objection to the jury charge, we will reverse for error in a jury instruction only if there is a "'likelihood of a grave miscarriage of justice'" or the error is "so obvious that failure to notice it would seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Solomon, 856 F.2d 1572, 1577 (11th Cir. 1988) (citing United States v. Atkinson, 297 U.S. 157, 160, 56 S. Ct. 391, 392 (1936)). Aggravated sexual abuse requires proof of the following two elements: (1) interstate travel (2) with the intent to engage in a sexual act with a minor. See Eleventh Circuit Criminal Pattern Jury Instruction 11. Culpability turns on the

8

illegal purpose of the travel, not the commission or attempt to commit the sexual act. Cf. United States v. Root, 296 F.3d 1222, 1227–31 (11th Cir. 2002) (conviction for transportation with intent to engage in criminal sexual activity "turns simply on the illegal purpose for which [the defendant] traveled" and not the inability to complete the sexual act because the victim was fictitious). Mooney was not entitled to an instruction that would have mislead the jury about the elements of his crime.

### B. The Government Introduced Sufficient Evidence to Support Mooney's Conviction.

Mooney challenges the sufficiency of the evidence underlying his convictions on three grounds. First, he argues that the government did not prove that he intended to sexually abuse Sydney. Second, Mooney argues that the government did not prove that he took a substantial step to commit the crime. Third, Mooney argues that he cannot be guilty as a matter of law because no actual child was involved in his crimes. These arguments fail.

The government proved that Mooney intended to engage in a sexual act with Sydney. The content and tenor of Mooney's online discussions with Southerland, the lewd pictures that he sent, his decision to travel to Georgia when he learned she might be deflowered by another man, and his arrival with a condom in his pocket all suggest that Mooney was interested in sexual activity. Mooney testified that he

9

traveled to Georgia to protect Sydney, but the jury was free to disbelieve his story. We consider Mooney's statement that the jury discredited as substantive evidence of his guilt. See United States v. Brown, 53 F.3d 312, 314 (11th Cir. 2007). The jury was entitled to find that Mooney intended to sexually abuse Sydney.

Mooney took several steps to accomplish the crime. Mooney planned in detail his trip and coordinated his travel plans with Southerland. Mooney drove from Missouri to Georgia and arrived at the time and location designated by Southerland. See United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007). A reasonable jury could find that Mooney traveled to Georgia to have intercourse with a minor.

We have rejected Mooney's argument that an actual child must be involved in these sexual abuse crimes. That Mooney could not engage in a sexual act because his intended victim was fictitious is irrelevant; it is his intent and conduct that establish guilt. Root, 296 F.3d at 1227–31. The absence of an actual victim is also irrelevant to the calculation of his sentence. See United States v. Lebovitz, 401 F.3d 1263, 1267–68 (11th Cir. 2005); United States v. Murrell, 368 F.3d 1283, 1289 (11th Cir. 2004). Mooney concedes that these issues have been resolved against him.

*C. The Chat Sessions and Photographs Discovered on Mooney's Computer Were Admissible.*

Mooney argues that the district court abused its discretion and violated his right to due process by allowing the government to introduce chat sessions and child pornography discovered on his computer. The government responds that the evidence was relevant to prove Mooney's intent to pursue and prey on young children. We agree with the government.

The district court did not abuse its broad discretion by admitting the chat sessions and photographs into evidence. Mooney's primary defense at trial was that he lacked the intent to sexually abuse Sydney and drove to Georgia to protect her. Evidence that Mooney possessed child pornography and engaged in sexually explicit conversations about minors was relevant to determine the purpose of Mooney's trip. See Fed. R. Evid. 404(b). The probative value of the evidence outweighed any prejudice created by its admission because it contradicted Mooney's testimony that the content of chat rooms made him "sick" and he visited internet sites to prevent the sexual abuse of children. See United States v. Hersh, 297 F.3d 1233, 1254 n. 31 (11th Cir. 2002). The limiting instruction given by the district court mitigated any prejudicial effect of the evidence. See United States v. Boon San Chong, 829 F.2d 1572, 1576 (11th Cir. 1987).

11

*D. Mooney's Sentence Is Constitutional.*

Mooney argues for the first time on appeal that his sentence for aggravated sexual abuse with a minor is unconstitutional, but this argument fails. A mandatory minimum sentence of 360 months does not violate the Eighth Amendment, Mooney's right to due process, or the separation of powers. See United States v. Pope, 461 F.3d 1331, 1337 (11th Cir. 2006); Raad, 406 F.3d at 1323; United States v. Willis, 956 F.2d 248, 250–51 (11th Cir. 1992). The district court did not plainly err by imposing the mandatory minimum for Mooney's crime.

## IV. CONCLUSION

Mooney's convictions and sentences are **AFFIRMED.**