[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 08-15373

_____

D.C. Docket No. 08-00031-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL RYAN SOUTH,
a.k.a. Compact Discs,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 11, 2010)

Before DUBINA, Chief Judge, BIRCH and SILER,* Circuit Judges.

_____

    * Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

PER CURIAM:

INTRODUCTION

Michael Ryan South appeals his conviction on two counts of traveling in interstate commerce with intent to engage in illegal sex with minors, and one count of failing to register as a federal sex offender. We vacate in part and affirm in part.

## I. Factual and Procedural Background

In 2008, South was convicted of (1) traveling in interstate commerce with the intent to engage in sexual activity with an individual under the age of twelve, in violation of 18 U.S.C. § 2241(c) ("count one"); (2) traveling in interstate commerce for the purpose of engaging and attempting to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) ("count two"); and (3) committing a felony sex offense by a registered sex offender, in violation of 18 U.S.C. § 2260A ("count three"). The district court sentenced him to life imprisonment on count one;[1] sixty years' imprisonment on count two, to run concurrently with count one; and ten years' imprisonment on count three, to run consecutively with counts one

---

[1] Section 2241(c) imposes a mandatory life sentence if a defendant "has previously been convicted of another [f]ederal offense under this subsection, or of a [s]tate offense that would have been an offense under either such provision had the offense occurred in a [f]ederal prison." § 2241(c). South had two prior Alabama convictions—one for sodomy of a ten-year-old boy, and one for sexual abuse of a nine-year-old girl.

and two.  In addition, the district court ordered him to pay a $100 special assessment on each count of the indictment and stipulated a lifetime supervised release term in the event he is ever released from prison.

## A. Facts Leading to the Indictment

In November 2007, "J", a nine-year-old boy, was confronted with a naked man behind his mother's house near Hurley, Mississippi.  J identified the man as South.  According to J, South said something about streaking in the woods while he was "scratching his private [area]."  J ran away, told his mother, who had previously observed South walking behind her home, and she filed a police report.

Not long after, on December 15, 2007, J and his neighbor, a fourteen-year-old boy identified as "A" in the Record, were in the woods behind their respective homes.  On their way into the woods, the boys saw South.  On their way home, the boys saw South again.  This time he was naked, and the boys observed him masturbating.  A called his grandfather, a local sheriff, who, along with several other police officers, arrived at the scene and apprehended South, who had by this time run back to his car and put on his clothes.  He was arrested for indecent exposure, and a subsequent search of his person and car revealed the following: several canisters of petroleum jelly; various costumes, including a wig, mask, and a "ghillie suit"; and a toy set of glasses with a fake nose and eyebrows.

3

South was a resident of Whistler, Alabama. He admitted to being the man J had seen in November 2007, and he also stated that at that time he had asked J his age and told J that he had been streaking through the woods. Finally, he acknowledged that he liked to share his sexual knowledge with young boys.

**B. Trial Testimony**

At trial, J, his mother, A, A's grandfather, and the arresting officer testified to the facts discussed above. In addition to this testimony, the government introduced evidence of South's intent to commit illegal sexual contact: testimony by two police officers regarding the events leading up to the seizure of South's laptop computer nine months prior to his arrest; testimony by Konstantinos Dimitrelos, an expert in computer forensics regarding the contents of that computer; the costumes, masks, and petroleum jelly confiscated from South's car at the time of his arrest; and certified copies of South's two prior convictions. In addition, one victim of South's 1989 attacks, referred to as "R" in the Record, and the investigating police officer, testified.

The officers who confiscated South's laptop testified that on February 4, 2007, South was discovered using his computer while sitting in a car parked in an apartment complex in Mobile, Alabama. A background check revealed that South

4

was a convicted sex offender, and his computer, thumb drive, approximately fifty CDs, and digital camera were subsequently seized.

Dimitrelos testified that he found numerous child pornographic search terms in South's Internet search history, and he verified that South had visited child pornographic Web sites. For example, he discovered the computer had been used to establish a member's account with a Danish child pornographic Web site and to download and open a video from that site. He testified that South's Web browsing history was 2528 pages long and 80% of the searches were related to images of children. He noted that he was able to recover this information in spite of the "unique" and "complex" anti-forensic software installed on the computer. However, he was unable to access the files on the CDs, which were encrypted using the same program employed to encrypt top-secret government documents.

A police officer then testified that South was the defendant in a 1990 sexual abuse case, and that the victim was a female child who was ten years old at the time of her attack on November 11, 1989. In addition, the officer stated that South was also the defendant in a 1990 sodomy case in which the victim was a male child of ten years at the time of the October 13, 1989, attack. Certified copies of both of these Lee County, Alabama convictions were introduced into evidence. Of the two victims, only the male sodomy victim, R, testified. He stated that he met

5

South "hanging around" his apartment complex. The two later walked into the woods behind the apartment complex, where South "pulled out a film canister . . . [filled] with a gel substance . . . [and] started to play[] with himself." He then performed oral sex on the boy.

## II. Discussion

### A. Double Jeopardy

South argues that his convictions under §§ 2241(c) and 2432(b) constitute the same offense and, as such, are barred by the Double Jeopardy Clause. The government conceded plain error on all four elements of South's double jeopardy claim, and thus we vacate count two—charging the § 2423(b) offense—of his conviction, his sentence, and the $100 special assessment.

### B. Pleading Failures

Count three of the indictment charged South with failing to register as a sex offender in violation of § 2260(A) based on the predicate offense charged in count two. "We review de novo whether an indictment sufficiently alleges a statutorily proscribed offense." United States v. Walker, 490 F.3d 1282, 1296 (11th Cir.2007) (citation omitted). The government argues that since the parties stipulated that South's conviction on either counts one or two would subject him to the mandatory sentence noticed in count three, there was no prejudice.

6

Regardless of the parties' stipulations, the indictment cannot be said to have contained "a plain, concise, and definite written statement of the essential facts constituting the offense charge." Id. (internal quotations and citation omitted). Thus, the indictment is insufficient to allege a § 2260(A) offense, and we vacate South's conviction, sentence, and $100 special assessment on count three.

## C. Specific Intent

Because we vacate counts two and three, we need only address South's remaining arguments as they pertain to count one. First, he argues that his conviction for count one is not supported by the evidence. We review de novo a district court's denial of a motion for judgment of acquittal on sufficiency of evidence grounds. United States v. Yates, 438 F.3d 1307, 1311-12 (11th Cir. 2006) (en banc). "We must affirm the conviction if we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Nolan, 223 F.3d 1311, 1314 (11th Cir. 2000) (quotation and citation omitted). In so doing, "we view the evidence in the light most favorable to the government." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005) (citation omitted).

The evidence in this case was sufficient to support a § 2241(c) conviction, including the element of specific intent. South "scratch[ed]" and masturbated in

7

November and December 2007 in full view of minors; he possessed masks, a wig, and canisters of lubricant at the time of his December 2007 arrest; and he admitted that he was indeed involved in the November 2007 incident behind J's house and that he had a desire to share his sexual knowledge with young boys.  In addition, the jury heard R's testimony about his 1989 attack.  A rational juror could have found that South had the requisite intent beyond a reasonable doubt.

### D. Rule 404(b) Evidence

South also appeals the district court's admission of the evidence obtained from his laptop computer, including the equipment itself, the testimony of the police officers who confiscated it, and Dimitrelos's expert testimony.  "[W]e review the district court's admission of prior crimes or bad acts under Federal Rule of Evidence 404(b) for abuse of discretion."  United States v. Lamons, 532 F.3d 1251, 1265 n.26 (11th Cir. 2008) (quoting United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005)).

Rule 404(b) of the Federal Rules of Evidence permits the admission of other crimes, wrongs, or acts as evidence to show, inter alia, motive, preparation, knowledge, or intent, but such evidence is not admissible to show the "character of a person" or his "action in conformity therewith."  Fed. R. Evid. 404(b).  To admit "other crimes evidence," a three-prong test for admissibility must be met:

8

First, the evidence must be relevant to an issue other than the defendant's character; [s]econd, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; [t]hird, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

United States v. Dickerson, 248 F.3d 1036, 1046-47 (11th Cir. 2001).

At trial, South's primary defense was that he traveled to Mississippi—not to have sex with minors—but to masturbate in a public park. His intent, then, was a material issue. The government introduced the computer evidence and accompanying testimony to demonstrate he had a sexual interest in young children, as circumstantial evidence of his intent to commit the crimes charged. "To establish relevance under the first prong where testimony is offered as proof of intent, it must be determined that the extrinsic offense requires the same intent as the charged offense . . . ." Id. (quotations and citations omitted). Evidence that South possessed child pornography nine months prior is relevant to determine the purpose of his multiple trips to Mississippi. See United States v. Mooney, 303 F. App'x 737, 742-43 (11th Cir. 2008) (holding that the admission of child pornography and chat logs found on the defendant's computer was not an abuse of discretion in a § 2241(c) case).

The second and third prongs of the test are easily met. There is no question of proof—the confiscated laptop computer unquestionably belonged to South. Finally, the probative value of the evidence outweighed any prejudice created by its admission, because it contradicted South's defense that he had "learned not to touch a child" and only traveled to another state to "masturbate[] and run away." See United States v. Hersh, 297 F.3d 1233, 1254 n.31 (11th Cir. 2002) (rejecting defendant's argument that district court abused its discretion in admitting "pedophilia-propensity" evidence under Rule 404(b)); see also Mooney, 303 F. App'x at 743. The government did not show the jury any images of child pornography; the expert witness simply detailed the results of his forensic examination of South's computer and CDs and noted the unusually sophisticated anti-forensic software he had used to hide his tracks. Finally, the evidence was also not cumulative, because the government had to prove South had the present intent to travel to Mississippi to have sex with minors. Thus, the district court did not abuse its discretion in admitting the evidence obtained from South's laptop computer.

### E. Eighth Amendment

South argues that his conviction on count one violates the Eighth Amendment's prohibition against cruel and unusual punishment. We review the

10

legality of a sentence de novo. United States v. Moriarty, 429 F.3d 1012, 1023 (11th Cir. 2005). When faced with an Eighth Amendment challenge, we must first make a threshold determination as to whether the sentence is grossly disproportionate to the offense committed. Only then will we consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions. Ewing v. California, 538 U.S. 11, 20, 123 S. Ct. 1179, 1185, 155 L. Ed.2d 108 (2003). Generally, a defendant sentenced within the limits imposed by statute will be unable to satisfy his burden of showing disproportionality. United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006). Due to his prior convictions, South's life sentence was unquestionably within the limits established by Congress in § 2241(c). Since South is unable to make the requisite threshold showing, we need not inquire further. See id. at 1243.

We VACATE South's convictions, sentences, and the $100 special assessments on counts two and three, AFFIRM his conviction and sentence on count one, and REMAND to the district court to enter a new sentence.