[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15016
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-00060-TWT-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH MICHAEL MOONEY,
a.k.a. bjmjbm,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 30, 2014)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Joseph Mooney, a pro se federal prisoner, appeals the district court's denial of his post-judgment motion for the return of property—a laptop computer seized in 2007—under Federal Rule of Criminal Procedure 41(g).  After review, we affirm.

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).  When the property owner "invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity."  United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005).  Equitable jurisdiction "must be exercised with caution and restraint" and is appropriate only when necessary to "prevent manifest injustice" in light of the movant's conduct and the merits of his request.  United States v. Martinez, 241 F.3d 1329, 1331 n.2 (11th Cir. 2001) (addressing Rule 41(g)'s predecessor, Rule 41(e)).  For the district court to exercise equitable jurisdiction, the property owner "must show that he had a possessory interest in the property seized by the government" and that he has "clean hands" with respect to the property.  Howell, 425 F.3d at 974.[1]

---

[1]We review questions of law relating to a Rule 41(g) motion de novo, but review "the equitable equation of the district court's decision to deny a Rule 41(g) motion only for abuse of discretion."  United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006), abrogated on other grounds by Bowles v. Russell, 551 U.S. 205, 208-13, 127 S. Ct. 2360, 2363-66 (2007).

Here, the district court did not abuse its discretion in denying Mooney's Rule 41(g) motion.  In 2007, a jury convicted Mooney of using a computer to attempt to entice a minor to engage in criminal sexual activity and of crossing a state line with the intent to engage in a sexual act with a child under the age of 12.  According to the trial evidence, Mooney communicated by computer (including his laptop computer) over the internet and by phone with what he thought was the mother of a ten-year-old girl, but was actually an FBI agent.  Mooney then drove from Missouri to Georgia to engage in sexual activity with the child.  When Mooney arrived at the rendezvous point near Atlanta, Georgia, he was arrested.  Upon searching Mooney's car, agents found and seized his laptop computer, which contained images of child pornography, records of numerous internet chats, including chats with the undercover FBI agent and also with other people, about engaging in sexual activity with children, and saved maps of the Atlanta area.

Prior to trial, Mooney unsuccessfully moved to exclude this evidence under Federal Rule of Evidence 403 as unfairly prejudicial.  Mooney, however, did not challenge the basis for seizing his laptop computer either during his criminal proceedings or on direct appeal.  See United States v. Mooney, 303 F. App'x 737, 739 (11th Cir. 2008) (affirming Mooney's convictions and sentences).

As the record demonstrates, and Mooney does not dispute, his laptop computer contained evidence of, or relevant to, his offenses, some of which also

3

was contraband child pornography. Thus, Mooney failed to show he had clean hands with respect to the laptop computer, and he was not entitled to its return under Rule 41(g).

Mooney argues that his laptop computer was seized unlawfully and in violation of his Fourth Amendment rights because the government delayed in obtaining a warrant to search its contents, but this argument misses the point. Even assuming arguendo that the laptop computer's seizure was unlawful—an issue he did not raise in his criminal proceedings, Mooney nonetheless is barred from Rule 41(g) relief by his undisputed unclean hands with respect to the computer. See Howell, 425 F.3d at 977. For this reason, the district court was not required to address the merits of Mooney's argument that the seizure was unlawful. Furthermore, given that there was no factual dispute as to Mooney's unclean hands, the district court was not required to hold an evidentiary hearing before denying Mooney's Rule 41(g) motion. See Fed. R. Crim. P. 41(g) (requiring the district court to "receive evidence on any factual issue necessary to decide the motion").

Finally, the record belies Mooney's claim that the district court failed to consider his objections to the magistrate judge's report and recommendation. In its

order denying the Rule 41(g) motion, the district court explicitly stated that

Mooney's "objections to the Report and Recommendation are without merit."[2]

For all these reasons, the district court did not commit any reversible error in

denying Mooney's Rule 41(g) motion.

**AFFIRMED.**

---

[2]We do not address Mooney's argument, explicitly withdrawn in his reply brief, that the district court erred in considering the government's response to his Rule 41(g) motion because it was untimely.