[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17792
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00060-TWT-JSA-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH MICHAEL MOONEY,
a.k.a. bjmjbm,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 14, 2017)

Before HULL, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Joseph Mooney, a federal prisoner, appeals the district court's denial of his petition for a writ of <u>audita querela</u> under the All Writs Act, 28 U.S.C. § 1651. A jury convicted Mooney of enticement of a minor to engage in sexual activity and aggravated sexual abuse of a minor. Mooney had online chats with a Federal Bureau of Investigation ("FBI") agent posing as the mother of a ten-year-old daughter. Ultimately, Mooney traveled from his home in Missouri to Georgia to engage in sexual activity with the fictitious ten-year-old daughter.

On appeal, Mooney argues that the indictment against him was insufficient and that the district court erred in denying his previous motion to vacate his sentence under 28 U.S.C. § 2255. After thorough review, we affirm.

## I.  BACKGROUND

### A.    Mooney's Convictions

On February 20, 2007, a federal grand jury indictment charged Mooney with (1) using means of interstate commerce to knowingly attempt to entice a child under the age of 18 "to engage in sexual activity for which the defendant could be charged with a criminal offense, that is, child molestation (O.C.G.A. § 16-6-4)," in violation of 18 U.S.C. § 2422(b) (Count 1) and (2) knowingly crossing a state line with the intent to engage in a sexual act with a child under the age of 12, in violation of 18 U.S.C. § 2241(c) (Count 2).

After a three-day trial, a jury found Mooney guilty on both counts. The district court sentenced Mooney to a prison term of 120 months on Count 1 and 360 months on Count 2, to be served concurrently.

## B.    Mooney's Direct Appeal

Mooney appealed his convictions and sentences. This Court affirmed. United States v. Mooney, 303 F. App'x 737, 743 (11th Cir. 2008) (per curiam) (unpublished). In that direct appeal, this Court rejected Mooney's challenges to (1) two jury instructions, (2) the sufficiency of the evidence, (3) the admission of prior bad acts evidence, and (4) his sentence. Id. at 741.

As to the jury instructions, Mooney argued that the district court should have instructed the jury that "the government had to prove that Mooney attempted to engage in a sexual act with a minor" in order to find him guilty on Count 2 for aggravated sexual abuse. Id. This Court first set out the two elements needed to prove aggravated sexual abuse: "(1) interstate travel (2) with the intent to engage in a sexual act with a minor." Id. at 742. This Court then rejected Mooney's jury instruction argument, explaining that culpability for aggravated sexual abuse "turns on the illegal purpose of the travel, not the commission or attempt to commit the sexual act." Id. Thus, Mooney's requested jury instruction would have misled the jury about the elements of the crime by focusing on the attempt to commit the sexual act instead of the purpose of the travel. Id.

3

In the same vein, Mooney challenged the sufficiency of the evidence supporting his convictions in part "because no actual child was involved in his crimes." Id. This Court rejected the position that an actual child must be involved, explaining: "That Mooney could not engage in a sexual act because his intended victim was fictitious is irrelevant; it is his intent and conduct that establish guilt." Id.

Subsequently, the Supreme Court denied Mooney's petition for a writ of certiorari. Mooney v. United States, 558 U.S. 908, 130 S. Ct. 281 (2009).

### C.    Mooney's First § 2255 Motion

On October 4, 2010, Mooney filed a motion to vacate his sentence under 28 U.S.C. § 2255. In his § 2255 motion, Mooney argued, among other things, that his trial counsel was ineffective for failing to move to dismiss the indictment for failure to state a claim. Specifically, Mooney contended that 18 U.S.C. § 2241(c), under which he was convicted for aggravated sexual abuse, requires the offender to knowingly engage in sexual conduct with a minor, not just cross state lines with the intent to engage in such sexual conduct. Mooney's § 2255 motion stated that, on the date of his indictment, the Eleventh Circuit had no binding precedent about whether § 2241(c) required actual sexual contact with a minor but that at least two other circuits had decided § 2241(c) did require an attempt to engage in sexual conduct. Mooney thus argued that the indictment did not allege an essential

4

element of the crime charged because it did not allege that he "knowingly engaged in a sexual act."

The magistrate judge recommended denying Mooney's § 2255 motion. As to the elements of § 2241(c), the magistrate judge found that, under Eleventh Circuit case law, that crime involves only crossing a state line with criminal intent and turns on the illegal purpose for the travel. The magistrate judge also noted that this Court already had rejected Mooney's contention that an actual child must be involved in the crime and that Mooney could not raise this challenge under § 2255.

The district court adopted the magistrate judge's recommendation and denied Mooney's § 2255 motion. The district court specifically noted that, as to Mooney's argument about the victim being fictitious, "[t]he law in the Eleventh Circuit is clearly against him on this." The district court also determined that "[i]t is irrelevant that some of the decisions were issued after he was indicted" and that that fact is not an ex post facto violation.

Mooney appealed. This Court denied Mooney's request for a certificate of appealability ("COA"). Mooney v. United States, No. 13-11967-A (Mar. 21, 2014) (unpublished).

Mooney also filed an amended motion to vacate under § 2255. The district court denied that motion. Mooney appealed. This Court again denied Mooney a COA. Mooney v. United States, No. 14-15302-B (Mar. 23, 2015) (unpublished).

5

**D.    Mooney's Petition for a Writ of <u>Audita Querela</u>**

On August 22, 2016, Mooney filed his instant <u>pro se</u> petition for a writ of <u>audita querela</u> under the All Writs Act, 28 U.S.C. § 1651, to correct alleged errors that occurred from Mooney's pretrial proceedings through his post-conviction litigation.

As to Count 2 of the indictment, Mooney contended that, under § 2241(c), aggravated sexual abuse of a minor requires the actus reus of engaging in a sexual act or attempting to do so.  Mooney argued that the crossing-of-a-state-line element was merely a jurisdictional element of the statute and not the requisite criminal act.

Mooney's petition argued that an indictment charging conduct that fell outside the scope of the charging statute created a jurisdictional defect.  Mooney also argued that an indictment that does not allege an essential element of the crime is a constitutional error because it does not inform the defendant of the cause of the accusation as required by the Sixth Amendment and because it does not show that a grand jury found probable cause on all the elements of the crime as required by the Fifth Amendment.  Mooney thus concluded that a writ of <u>audita querela</u> was warranted because the district court lacked jurisdiction to hear his case.

Mooney broadly characterized his claim as contending that his alleged actions "do not constitute crimes under the laws of the United States."  Mooney

conceded that his trial attorney previously raised the argument that § 2241(c) requires an actual or attempted sexual act.  Mooney also conceded that "[t]his exact issue was litigated" in his initial § 2255 motion as an ineffective assistance of counsel claim for failure to move to dismiss the indictment, but Mooney contended that the district court did not rule on this issue.  Mooney also conceded that a second or successive § 2255 motion is unavailable to him because he raised this issue in his original § 2255 motion.

Instead, Mooney's petition contended that the district court had previously erred by denying his § 2255 motion.  Mooney also argued that this Court originally erred on direct appeal when it rejected his jury instruction challenge because the district court's instruction was not based on any statutory or circuit case law existing at the time of trial.

Mooney contrasted his § 2241(c) conviction with 18 U.S.C. § 2423(b), which criminalizes travel with intent to engage in illicit sexual conduct but carries less severe punishment than a § 2241(c) conviction.  Mooney stated that the government had previously conceded that the issue of § 2241(c)'s elements was a matter of first impression at the time of his trial.  Mooney thus concluded that the ex post facto doctrine requires vacating his § 2241(c) conviction because his conduct was not criminalized by that statute at the time of his conviction.  In a supplemental brief, Mooney conceded that the ex post facto doctrine does not

apply but insisted that case law postdating his conviction created an "unforeseen judicial construction" of § 2241(c) that unpredictably expanded the scope of the statute and violated his due process rights.

As to Count 1 of the indictment, Mooney contended that the indictment failed to state a claim against him, depriving the trial court of jurisdiction. Specifically, Mooney argued that the Georgia statute criminalizing child molestation—on which his conviction under 18 U.S.C. § 2422(b) relied— does not contain an attempt provision and thus requires an actual sexual act in order to violate the statute. Mooney contended that his online chats with the FBI agent are not prohibited by that Georgia law, O.C.G.A. § 16-6-4. Mooney thus concluded that because Count 1 of the indictment exceeded the scope of the statutorily prohibited conduct, the indictment failed to give the district court jurisdiction.

On December 16, 2016, the district court denied Mooney's pro se petition for a writ of audita querela. The district court determined that Mooney's petition constituted a collateral attack on his sentence for want of jurisdiction and thus properly fell under § 2255. The district court construed Mooney's petition as a § 2255 motion and denied it because Mooney had not obtained the permission of this Court to file a second or successive § 2255 motion.

Mooney timely appealed.

## II. DISCUSSION

On appeal, Mooney argues that a § 2255 motion is unavailable to him and thus that the district court erroneously denied his petition for a writ of audita querela. Mooney contends that the district court should have considered the merits of his petition.[1]

Mooney's petition collaterally attacks his sentence first on jurisdictional grounds and second as violating his constitutional due process rights. These collateral attacks are cognizable through a § 2255 motion. See 28 U.S.C. § 2255(a). Because the relief Mooney seeks is cognizable under § 2255, the district court correctly denied his petition for a writ of audita querela. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) ("[W]e hold that a writ of audita querela may not be granted when relief is cognizable under § 2255"); see also United States v. Morgan, 346 U.S. 502, 512, 74 S. Ct. 247, 253 (1954) (explaining that ancient writs such as coram nobis are available to inmates collaterally attacking their sentences when no other remedy is available to correct an error "of the most fundamental character").

"Because [Mooney] is proceeding pro se, however, we may liberally construe his audita querela motion as a § 2255 motion." Holt, 417 F.3d at 1175.

---

[1] "We review de novo the question of whether a prisoner may challenge his sentence by filing a motion for a writ of audita querela." United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005) (per curiam).

Mooney, however, previously filed a § 2255 motion which was denied.  Before filing a second or successive § 2255 motion, the petitioner, such as Mooney, must first obtain an order from this Court authorizing the district court to consider the second or successive § 2255 motion.  28 U.S.C. § 2255(h); Holt, 417 F.3d at 1175.  Mooney failed to seek that authorization.  The district court thus lacked authority to consider Mooney's instant petition and correctly denied it.  See Holt, 417 F.3d at 1175.

## III.  CONCLUSION

Based on the foregoing reasons, we affirm the district court's denial of Mooney's petition for a writ of audita querela.

**AFFIRMED.**